## Theodore M. Hess v. A. J. Miller.

1. FORMER RECOVERY—*In Replevin, When a Bar to Subsequent Suit for the Value of the Property Replevied.*—M. sold a horse to H. for $50, with the agreement that if H. sold it, he (M.) should be entitled to all he got for it over $100.   Subsequently H., with the assistance of M., traded the horse for a mare and $125.   Afterward M. obtained possession of the mare and H. brought a suit in replevin before a justice of the peace for her possession and obtained judgment, from which no appeal was prosecuted.   Afterward M. brought a suit against H. in the Circuit Court for $25, and the value of the mare ($75).   *Held*, that the judgment in replevin before the justice was a bar to a recovery of the value of the mare.

**Assumpsit,** on a contract, etc.   Error to the Circuit Court of Christian County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

FRANK P. HESS, attorney for plaintiff in error; DRENNAN & ANDERSON, of counsel.

A. E. GOWIN and J. C. & W. B. McBRIDE, attorneys for defendant in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was commenced before a justice of the peace by appellee against appellant, and was appealed to the Circuit Court, where a trial by jury ended in a verdict and judgment againt appellant for $100, to reverse which he has brought this appeal, and to effect such reversal has argued, among other points, that the verdict is unsupported by the evidence, and the court gave improper instructions to the jury.

Appellee sold appellant a horse for $50, with the agreement that if appellant sold the horse, appellee should have all over $100 for which the horse might be sold. Appellant, with the assistance of appellee, did sell the horse for $125 and a mare, the appellee obtaining possession of the mare, and a controversy arising between the parties as to the same, appellant brought a suit in replevin for the mare and obtained judgment for the same before a justice of the peace, from which no appeal was prosecuted. After this appellee brought this suit against appellant and recovered $25, and the value of the mare, $75. The judgment in the replevin suit was introduced in evidence, and the court instructed the jury it was not a bar to a recovery of the value of the mare. We think this was error, and the judgment was a bar to the recovery of the value of the mare. The justice of the peace had jurisdiction of the subject-matter and of the parties, and the judgment, not having been appealed from, was binding and conclusive as to the rights and claims of the parties to the mare in controversy, and for this reason the judgment of the Circuit Court should be reversed.

There is controversy about horse racing and betting, which is contended entered into the contract of sale, rendering it void, but upon examination we are of the opinion these matters were not a part of the contract, and should be excluded from the case; but for the error indicated the judgment of the Circuit Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.    Reversed and remanded.